# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1319

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | Distict Court for the Eastern |
| | * | District of Missouri. |
| Merlin Osmar Alvarez-Diaz, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  September 7, 2001

Filed:   September 25, 2001

_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Merlin Osmar Alvarez-Diaz, a Mexican citizen, appeals the sentence of 60 months imprisonment and 3 years supervised release imposed on him by the district court[1] after he pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a brief arguing that U.S.S.G. § 2L1.2(b)(1)(A) (16-level increase if defendant was deported after aggravated-felony

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

conviction) is inflexibly harsh given the lack of seriousness of Mr. Alvarez-Diaz's prior convictions, that counsel should have requested a downward departure, and that the court should have departed *sua sponte*.

We reject these arguments *seriatim*. First, there is no jurisdictional basis for review of a sentence on the ground that it is too harsh. See 18 U.S.C. §3742(a) (grounds for appeal of sentence by defendant). Second, Mr. Alvarez-Diaz's suggestion that counsel was ineffective should be raised in a 28 U.S.C. § 2255 proceeding, if at all. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). Third, the district court did not plainly err by not departing on its own accord. See United States v. Montgomery, Nos. 98-4688/4691/4816/ 4689/4692/4690/4693, 2001 WL 810346, at *15 n.6 (4th Cir. July 17, 2001). In any event, because Mr. Alvarez-Diaz had additional prior felony convictions, he could not be considered for the kind of departure he now seeks. See U.S.S.G. § 2L1.2, comment. (n.5) (downward departure may be warranted based on seriousness of aggravated felony if, inter alia, defendant has previously been convicted of only *one* felony offense).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-2-